DECISION AND JUDGMENT ENTRY
{¶ 1} This matter comes on appeal from the Sandusky Court of Common Pleas, which sentenced appellant, Robert L. Tackett, to 11 months incarceration upon his plea of guilty to one count of breaking and entering, a felony of the fifth degree and a violation of R.C. 2911.13(A).
 {¶ 2} Appellant's counsel has, pursuant to Anders v.California (1967), 386 U.S. 738, submitted a request to withdraw as appellate counsel. If appellate counsel, following a conscientious examination of his case, finds the case to be wholly frivolous, she should advise the court of such finding and request permission to withdraw. Id. at 744. See, also, State v.Duncan (1978), 57 Ohio App.2d 93. As required by Anders,
appellant's counsel has submitted a brief indicating potential issues for appeal, has mailed a copy of the brief to appellant, and has notified him of his opportunity to submit an appellate brief. Appellant has not submitted his own brief, and the state has not filed an appellee's brief.
 {¶ 3} Appellant's counsel has proposed a potential assignment of error for review:
 {¶ 4} "The Court erred in sentencing the Defendant without the aid of a pre-sentence investigation report."
 {¶ 5} On June 15, 2005, appellant was indicted by the Sandusky Grand Jury for one count of breaking and entering, one count of safecracking, and one count of fifth degree felony theft. On August 11, 2005, appellant pled guilty to one count of breaking and entering. According to a plea agreement, the prosecution dismissed the counts of safecracking and theft. Upon his written plea agreement, appellant waived the preparation of a presentence investigation report.
 {¶ 6} Appellant was sentenced to 11 months of prison, with credit for 95 days already served prior to sentencing. The sentencing hearing transcript and the trial court's judgment entry of sentencing reflects that, in sentencing appellant, the trial court found that appellant had previously served a term of incarceration, and also, pursuant to R.C. 2929.14(B)(2), that the shortest prison term would "demean the seriousness of the Defendant's conduct and would not adequately protect the public." If a prison term is imposed for a felony of the fifth degree, the minimum allowable term is six months incarceration.
 {¶ 7} On February 27, 2006, the Ohio Supreme Court decidedState v. Foster (2006), ___ Ohio St.3d ___, 2006-Ohio-856, which found portions of Ohio's sentencing scheme unconstitutional as violative of the Sixth Amendment principles set forth inBlakely v. Washington (2004), 542 U.S. 296, and Apprendi v.New Jersey (2000), 530 U.S. 466. Since the trial court relied upon an unconstitutional statute, appellant's sentence is contrary to law and must be void. 2006-Ohio-856 at ¶ 103-104.
 {¶ 8} Because appellant was sentenced pursuant to an unconstitutional statute, his sentence is hereby vacated and this matter remanded to the trial court for resentencing in conformity with the non-severed sentencing statutes. We hereby grant appellate counsel's motion to withdraw as counsel and instruct the trial court to appoint new counsel to represent appellant at re-sentencing. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
SENTENCE VACATED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
M. Handwork, J., L. Pietrykowski, J., Skow, J. concur.